# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JASON L. EDMONSON,

    Plaintiff,

v.                                             Case No. 14-C-295

NICHOLAS CHIRAKAS et al.,

    Defendants.

## SCREENING ORDER

The plaintiff, who is incarcerated at the Green Bay Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis*.

The plaintiff is required to pay the statutory filing fee of $350.00 for this action. *See* 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed *in forma pauperis*. The plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2). The plaintiff has been assessed and paid an initial partial filing fee of $33.91 in this action.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation

was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff Jason Edmonson contends that various public defenders, judges, and court clerks violated his civil rights during his appeal of a criminal conviction. He alleges that Nicholas Chirakas, Marla Stephens, and Joseph Ehmann, in their capacity as supervisors in the State of Wisconsin Public Defenders Office, allowed his public defender to commit the following errors: (1) file a motion to withdraw and no-merit report without first obtaining his discovery, (2) file a motion to withdraw and no-merit report without first moving for necessary evidentiary hearing, (3) fail to raise arguable issues on Edmonson's behalf, (4) fail to prevent the State from using his arguments against Edmonson, and (5) fail to inform Edmonson that his response to the no-merit report was considered his actual appellant's brief by the Wisconsin Court of Appeals. He accuses the state judges who presided over his trial and affirmed his conviction of violating his human rights, the International Covenant on Civil and Political Rights, and the United States and Wisconsin constitutions. It is unclear what the clerks of the respective courts through which his case passed did.

Plaintiff's case is clearly frivolous and merits summary dismissal. His complaint consists of nothing but conclusory allegations that the defendants, many of whom are immune from civil liability for the acts at issue, violated his unspecified rights. Even if he had a

claim, it would appear barred by *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). *Heck* bars Section 1983 damages actions where a favorable judgment would necessarily imply the invalidity of a conviction or sentence, unless said conviction or sentence has already been invalidated. Edmonson's conviction has not been overturned. He is currently serving a sentence of twenty-two years in the custody of the Wisconsin Department of Corrections for 1st degree sexual assault of a child, as well as other offenses. http://wcca.wicourts.gov/caseDetails.do;jsessionid=A5B7E1D71D41D2A3B404119F01FB6E16.render6?caseNo=2007CF000050&countyNo=44&cacheId=D391C6E6C0B81BB2C5D48B83E6302B15&recordCount=17&offset=16&mode=details&submit=View+Case+Details (visited on April 12, 2014). An earlier petition for relief under 28 U.S.C. § 2254 was dismissed by this court in June of last year and a certificate of appealability was denied both by this court and the Seventh Circuit. June 5, 2013, Screening Order, Edmonson v. Baenen, 13-CV-513, ECF No. 8, 24. There is no basis for certifying a class action, nor would he be a proper class representative in any event. The case is therefore summarily dismissed.

This decision renders moot Edmonson's requests for the appointment of counsel and class action certification. The dismissal is with prejudice, and plaintiff will incur a strike under 28 U.S.C. § 1915(g).

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* be and hereby is **GRANTED.**

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim and as frivolous.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed for failure to state a claim or as frivolous under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated at Green Bay, Wisconsin this __14th__ day of April, 2014.

    s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court